**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| FIRST STATE INSURANCE COMPANY, ) | |
| ) | |
| ) | |
| Plaintiff, ) | CASE NO. |
| ) | |
| v. ) | |
| ) | **COMPLAINT FOR DECLARATORY** |
| NATIONAL UNION FIRE INSURANCE ) | **RELIEF** |
| COMPANY OF PITTSBURGH, PA, ) | |
| ) | **Demand for Jury Trial** |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

Plaintiff First State Insurance Company ("First State") for its Complaint for Declaratory Judgment against Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), alleges the following:

**<u>NATURE OF THE ACTION</u>**

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.  First State seeks a declaration that National Union is not entitled to reimbursement from First State for alleged overpayments National Union made in connection with underlying asbestos-related claims against Parker Hannifin Corporation (the "Asbestos Claims").

2.      An actual and justiciable controversy exists between the parties necessitating a declaration as to whether National Union is entitled to reimbursement from First State.

{02646066 - 1}

## THE PARTIES

3.     First State is incorporated under the laws of the State of Connecticut with its principal place of business in the State of Connecticut.  First State has transacted business in the State of Ohio.

4.     On information and belief, National Union is incorporated under the laws of Pennsylvania with its principal place of business in the State of New York.  On information and belief, National Union is authorized to transact and does transact business in the State of Ohio.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  First State and National Union are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as, on information and belief, National Union has transacted and continues to transact business in this District.

## FACTUAL ALLEGATIONS

7.     Parker Hannifin Corporation ("Parker") has been named a defendant in numerous Asbestos Claims.  In 2002, Parker filed a declaratory judgment action against its insurers, including excess insurers National Union and First State, relating to insurance coverage for the Asbestos Claims, captioned *Parker Hannifin Corporation v. National Union Fire Ins. Co. of Pittsburg, PA*, Case No. 1:02-cv-1937 (N.D. Ohio) (the "Prior Coverage Action").

8.     As set forth on Exhibit A to Parker's Complaint in the Prior Coverage Action, National Union issued second-layer excess Policy Nos. 1229923 (2/1/81-4/1/82) and 1185744 (4/1/82-4/1/83) (the "National Union Policies") and First State issued third-layer excess Policy

Nos. 918437 (2/1/81-4/1/82) and 915264 (4/1/82-4/1/83).  *See* Prior Coverage Action, Complaint for Damages and Declaratory Judgment Relief and Exhibit A, September 30, 2002 (Doc. No. 1).

9.      In resolution of the Prior Coverage Action, First State, National Union, Parker and certain other of Parker's insurers in 2005 entered into a Confidential Settlement Agreement Related to Asbestos Claims and Costs, which agreement "delineate[d] the Settling Insurers' obligations to Parker for the future asbestos suit costs."  *See* Prior Coverage Action, Joint Motion for an Order Dismissing With Prejudice All Claims Between and Among Certain Settling Insurers, May 25, 2005 (Doc. No. 267) (the "Joint Motion"), at ¶ 2.  In the Joint Motion (which motion was granted), the settling parties, including National Union, publicly stated:   "The Settlement Agreement also resolves all contribution claims held by each of the Settling Insurers against any other Settling Insurer arising out of the Settling Insurers' payments to Parker for the past and future asbestos suit costs that are the subject of this civil action."  *See id.*; *see also* Prior Coverage Action, Order for Dismissal, May 31, 2005 (Doc. No. 270).

10.     By letters sent between March 7, 2017 and January 12, 2018 (none marked confidential), National Union alleged that it made payments under the National Union Policies after those policies allegedly exhausted and demanded reimbursement of such overpayments from First State.  National Union's reimbursement claims against First State, however, are barred by the parties' Joint Motion and the Court's order granting the same.

11.     National Union's reimbursement claims against First State also are barred under common law principles because its alleged overpayments were voluntary payments for which National Union has no right of reimbursement against First State.  If National Union in fact made overpayments, it did so voluntarily with no legal obligation to make those payments and as a

result of National Union's own neglect of its duty to account for the impairment/exhaustion of its policies.

## FIRST CLAIM FOR RELIEF
### *Declaration that National Union is Not Entitled to Reimbursement from First State*

12.     First State repeats and re-alleges Paragraphs 1 through 11 as if fully set forth here.

13.     An actual and justiciable controversy exists between the parties necessitating a declaration as to whether National Union is entitled to reimbursement from First State.

14.     First State seeks a judicial declaration that National Union is not entitled to reimbursement from First State for the alleged overpayments National Union made in connection with the Asbestos Claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff First State prays that the Court enter the following relief:

A.     A judicial declaration that National Union is not entitled to reimbursement from First State for the alleged overpayments National Union made in connection with the Asbestos Claims;

B.     Fair, just, and reasonable damages; and

C.     Any other relief that is equitable, just, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, First State demands trial by jury of all factual issues and causes of action raised by this Complaint.

Respectfully submitted,


__/s/Jamie A. Price_____

**JOHN E. SCHILLER** (#0024677)
  jschiller@walterhav.com
  Direct Dial: 216-928-2941
**JAMIE A. PRICE** (0084178)
  Email: jprice@walterhav.com
  Direct Dial:  (216) 928-2931
**WALTER HAVERFIELD LLP**
1301 East Ninth Street, Suite 3500
Cleveland, OH  44114
Fax:  (216) 575-0911

*Attorneys for Plaintiff,*
*First State Insurance Company*