# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| FIRST STATE INSURANCE CO., ) | CASE NO. 1:18CV1775 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA., ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #10) of Defendant National Union Fire Insurance Company of Pittsburgh, PA to Compel Arbitration, Dismiss or, in the Alternative, Stay Pending Arbitration. For the following reasons, the Motion is granted in part, and the captioned case is stayed and removed from the active docket of this Court pending completion of the arbitration process.

## I. BACKGROUND

On July 31, 2018, Plaintiff First State Insurance Company instituted the captioned action with a Complaint for Declaratory Relief (ECF DKT #1). Plaintiff alleges that Parker Hannifin Corporation filed an action in 2002, against its insurers, including excess insurers National Union and First State, relating to insurance coverage for asbestos claims. Allegedly, Defendant issued a second-layer excess policy and Plaintiff issued a third-layer excess policy under which Parker Hannifin claims to be insured. In resolution of the 2002 lawsuit, First State, National Union, Parker and other insurers entered into a Confidential Settlement Agreement Related to Asbestos Claims and Costs in 2005.

Plaintiff alleges that, pursuant to the Confidential Settlement Agreement, all claims between and among the settling insurers were dismissed with prejudice as were all contribution claims between settling insurers arising out of payments to Parker for past and future asbestos suit costs.

In 2017 and again in 2018, Defendant sent letters demanding reimbursement from Plaintiff for overpayments made after Defendant's policies were allegedly exhausted. Defendant contends that it inadvertently paid amounts under the Settlement Agreement that should have been billed to and paid by Plaintiff under Plaintiff's excess policy. Plaintiff refused the demands on the grounds that they are barred by the settlement in the earlier litigation and because Defendant's overpayments were voluntary and resulted from Defendant's own negligence in tracking exhaustion of its policy.

In the instant lawsuit, Plaintiff seeks a judicial declaration that Defendant is not entitled to reimbursement for alleged overpayments on the Parker Hannifin asbestos claims.

Defendant moves for an order dismissing or staying Plaintiff's Complaint and ordering Plaintiff to arbitrate the dispute under the terms of the cost-sharing Settlement Agreement.

Plaintiff objects and insists that the instant action is not arbitrable. According to Plaintiff, the Complaint seeks a declaration that Defendant is not entitled to reimbursement from Plaintiff based upon common law principles of equity. Thus, nothing about the relief sought by Plaintiff falls under the parties' contract to arbitrate.

**Non-Disclosure**

Contrary to Defendant's assertion (Motion to File Materials under Seal, ECF DKT #8

at 2) that the Court may not be privy to the terms of the 2005 Confidential Settlement Agreement, this Court cannot be "walled-off" from the Agreement's substantive terms nor hamstrung by the Parties' private covenant; particularly considering that this is a publicly-filed action and that there is an overarching presumption in favor of open judicial proceedings subject to a sealing order imposed in the Court's sole discretion. Moreover, it defies logic and the law for an arbitrator to be granted access, while the Court is not. The Court is obligated to determine whether arbitration prevails over litigation pursuant to the Federal Arbitration Act ("FAA") and the terms agreed to by freely-contracting parties.

**Parties' Agreement**

Paragraph 8(c) of the 2005 Confidential Settlement Agreement Related to Asbestos Claims and Costs provides a process for resolving any dispute "concerning the terms, meaning or implementation of this Agreement." If negotiation and mediation efforts fail, then the controversy shall be settled by arbitration which shall be governed by the United States Arbitration Act, 9 U.S.C. §§ 1-16. (Paragraph 8(e)). These dispute resolution provisions are intended to be "the sole and exclusive procedures for the resolution of disputes between the Parties relating to the Agreement." (Paragraph 8(f)).

Pursuant to Paragraph 3(d)(vii) - Exhaustion: "Participating Insurers shall, on at least an annual basis, report to all other parties the remaining applicable limits under each of their Policies; provided, however, that the Participating Insurers shall provide notice of exhaustion as soon as practicable. There shall be no obligation to pay any costs, including Past or Forward Costs, under an exhausted policy."

Paragraph 14 recites in part: "All payments made by the Participating Insurers under

this Agreement are intended to be final between and among the Parties. * * * each participating Insurer covenants and agrees not to assert any claim for contribution, indemnity, subrogation, reimbursement, attorneys' fees or costs against Parker, each other, or any other insurer of Parker in connection with payments made under or by reason of the Agreement or on account of released claims. * * *

## II. LAW AND ANALYSIS

### The Federal Arbitration Act ("FAA") 9 U.S.C. §§ 1, *et seq.*

The FAA provides that an arbitration clause in a "transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2003). The FAA further mandates that when the Court is "satisfied that the making of the agreement for arbitration ... is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (2003). The FAA establishes a liberal policy favoring arbitration agreements and any doubts regarding arbitrability should be resolved in favor of arbitration over litigation. *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004); see *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). "A central purpose of the FAA is 'to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts.'" *In re Olshan Foundation Repair Company, LLC*, 328 S.W.3d 883, 891 (Tex.2010) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)).

The FAA requires courts to "rigorously enforce" arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Yet, arbitration clauses are subject to the

same defenses or bars as other contract provisions. 9 U.S.C. § 4 (2003). The Court must ascertain whether the parties agreed to arbitrate the dispute at issue. See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). A party cannot be required to arbitrate any dispute if the party has not agreed to do so. *Steelworkers v. Warrior & Gulf Co.*, 363 U.S. 574, 582 (1960); *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005). The FAA does not confer an absolute right to compel arbitration, but only a right to obtain an order directing that "arbitration proceed in the manner provided for in [the parties'] agreement." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 469 (1989). The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Gilmer*, 500 U.S. at 26.

As a threshold matter, the Court determines whether or not an issue is within the scope of the parties' arbitration agreement. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir.2000). "A proper method of analysis here is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Fazio*, 340 F.3d at 395, citing *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 141 F.3d 243, 250-51 (5th Cir.1998). The Sixth Circuit instructs as follows:

> When faced with a broad arbitration clause, such as one covering *any* dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration. Indeed, in such a case, only an express provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claim from arbitration, will remove the dispute from consideration by the arbitrators. *Solvay Pharms., Inc. v. Duramed Pharms., Inc.*, 442 F.3d 471, 482 n.10 (6th Cir. 2006) (internal citations omitted).

The arbitration provision at issue here is broadly worded to cover any dispute

"concerning the terms, meaning or implementation of this Agreement," and it does not expressly exclude any specific disputes. Plaintiff First State asserts that it did not agree to arbitrate any equitable claims forming the basis of the declaratory relief it seeks in the captioned action. Yet, there is no express exclusion of equitable disputes found in the Confidential Settlement Agreement.

Furthermore, the Court is convinced that the instant case between First State and National Union absolutely cannot be resolved without reference to the Agreement. *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 505 (6th Cir. 2007).

Plaintiff has failed to satisfy its burden of proving that the claims at issue are unsuitable for arbitration. Therefore, arbitration of the claims asserted against National Union is appropriate.

**Dismissal or stay**

In Paragraph 8(e), the parties to the Confidential Settlement Agreement Related to Asbestos Claims and Costs (including Plaintiff and Defendant) agreed that the arbitration aspect of their dispute resolution process would be governed by the Federal Arbitration Act ("FAA"). Upon the application of one of the parties, the FAA requires the Court to stay proceedings pending arbitration. 9 U.S.C. § 3. Since Defendant has alternatively requested a stay pending the conclusion of the arbitration process, the Court is legally constrained to hold this matter in abeyance rather than enter a dismissal.

### III. CONCLUSION

Therefore, for the reasons set forth in this Opinion and Order, the Motion (ECF DKT #10) of Defendant National Union Fire Insurance Company of Pittsburgh, PA to Compel Arbitration, Dismiss or, in the Alternative, Stay Pending Arbitration is granted in part, and the

captioned case is stayed and removed from the active docket of this Court pending completion of the arbitration process.

**IT IS SO ORDERED.**

**DATE: September 9, 2019**

                                                     <u>s/Christopher A. Boyko</u>
                                                     **CHRISTOPHER A. BOYKO**
                                                     **United States District Judge**